IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 06-cr-40008-001-JPG |
| ) | |
| JOSHUA M. LIDDELL, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

THIS MATTER is before the Court on defendant Joshua M Liddell's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 76). The government has not responded to the motion.

Liddell pled guilty to two counts of possession with intent to distribute 5 grams or more of crack cocaine. The Court sentenced Liddell (after one appeal) to serve 240 months on Count 1 because at the time of that offense he was a career offender. The Court determined Liddell's sentence on Count 2 based on Liddell's criminal history and his relevant conduct. The Court determined that Liddell's total offense level for Count 2 was 23 and that his criminal history category was IV. Accordingly, Liddell's sentencing guideline range for Count 2 was 70 to 87 months in prison. The Court sentenced Liddell to 87 months in prison on Count 2. Liddell now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence as to Count 2 only. He does not contest that the guideline changes do not impact his sentence on Count 1. *See United States v. Forman*, 553 F.3d 585, 589 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009) ("Amendment 706 provides no benefit to career offenders.")**.**

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that

has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

**I.      Lowered Guideline Range**

Liddell satisfies the first criterion because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  The amendments reduced Liddell's total offense level on Count 2 from 23 to 21, yielding a lower sentencing range of 57 to 71 months.  Because Liddell's offense in Count 2 carries a 5-year mandatory minimum sentence, his range is effectively 60 to 71 months.  *See* U.S.S.G. § 5G1.1(c)(2).

## II.  Consistency with Policy Statements

Liddell also satisfies the second criterion because allowing a reduction is consistent with the applicable policy statements.  The Sentencing Commission's policy statement governing sentence reductions following guideline amendments is contained in U.S.S.G. § 1B1.10.  That section provides that the guideline range reduction contained in Amendments 706 and 711 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations.  U.S.S.G. § 1B1.10(a)(1) & (c).  Thus, the Court now has discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentences of some defendants sentenced for offenses involving crack cocaine.  No part of U.S.S.G. § 1B1.10 is inconsistent with granting Liddell a sentence reduction.

## III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Liddell's motion (Doc. 76) and will enter an order in the standard format used by the Court reducing Liddell's sentence on Count 2 to 60 months.  Pursuant to *United States v. Taylor*, 520 F.3d 746 (7th Cir. 2008), the Court **ADVISES** the Court of Appeals that it is not inclined to give Liddell a further reduction in his sentence on Count 2 under the dispensation granted it by *Kimbrough v. United States*, 552 U.S. 85 (2007).  In fact, it would be unable to do so because of the 5-year statutory mandatory minimum applicable to Count 2.  The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals in conjunction with Appeal No. 07-3373.

**IT IS SO ORDERED.**
**DATED:  September 24, 2009.**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
